UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CHRISTINE D'ONOFRIO,           )
                                )
        Plaintiff,              )
                                )  Case No. _____
v.                              )
                                )
COSTCO WHOLESALE CORPORATION,   )
                                )
        Defendant.              )
_____/)

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant COSTCO WHOLESALE CORPORATION, by and through its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and currently is pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE15015786. In support of its Notice of Removal, Defendant states as follows:

### **BACKGROUND**

1. On or about September 1, 2015, Plaintiff filed a Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, titled *Christine D'Onofrio v. Costco Wholesale Corporation*, Case No. CACE15015786. Plaintiff alleges that Defendant discriminated against her based on an alleged disability and that it retaliated against her in violation of the Florida Civil Rights Act, § 760 *et al*.

2. On September 10, 2015, Plaintiff served Defendant with a Summons and a copy of the Complaint by personal service on its registered agent. Copies of the Summons, Plaintiff's Complaint, and all other process, pleadings and orders served on Defendant are attached as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Plaintiff's service of Summons and a copy of his Complaint on Defendant.

## DIVERSITY JURISDICTION

4. This action is removable under 28 U.S.C. § 1441 because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

5. Plaintiff is a citizen of the State of Florida. (Compl. ¶ 4.)

6. Contrary to Plaintiff's allegations in her Complaint, Defendant is not a citizen of Florida. A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Id.* at 92-93.

7. Defendant is a Washington corporation, and its principal place of business is at its headquarters in Washington. (Declaration of Patrick Callans ("Callans Decl.") ¶ 3, attached as **Exhibit B**.) As a result, Defendant is a citizen of Washington, and there is complete diversity between Defendant and Plaintiff.

8.     Moreover, it is clear from the face of the Complaint that the amount in controversy far exceeds $75,000.[1]  In her Complaint, Plaintiff states that she is seeking damages, including, but not limited to: damage to reputation, confidence and self-esteem; loss of past and future income; loss of future earning capacity; loss of fringe benefits; stress, anxiety, and emotional distress; significant past and future pain and suffering; other financial losses; compensatory; consequential; punitive damages; and attorneys' fees.  (Compl. ¶¶ 27, 32, p. 4-5.)  Such claims readily exceed the $75,000 amount-in-controversy threshold.  Not only will the evidence show this, but it is facially apparent.

9.     Indeed, Plaintiff's alleged past wages alone exceed the jurisdictional threshold.  As demonstrated in more detail below, the value of Plaintiff's back pay claim as of September 30, 2015, is just below $100,000.  (Callans Decl. ¶¶ 5-6.)  Plaintiff was employed by Costco as an hourly employee from July 24, 1989 through October 23, 2013.  (*Id*. ¶ 4; Compl. ¶¶ 9, 21.)  When Costco terminated her employment, Plaintiff worked full-time and earned $20.30 per hour.  (Callans Decl. ¶ 5.)  Had Plaintiff remained employed by Costco, she would have been paid $20.30 per hour from October 23, 2013 through the end of February 2014, and she would have earned approximately $14,600 during that time.  (*Id*.)  As of the first full pay period in March 2014, Plaintiff's hourly rate would have increased to $20.80 per hour, and she would have earned approximately $43,000 from the first full pay period in March 2014 through the last pay period in February 2015.  (*Id*.)  As of the first full pay period of March 2015, Plaintiff would have received another pay rate increase to $21.35 per hour, and from the first full pay

---

[1] In making the following calculations of approximate damages, Costco does not mean to imply that Plaintiff is entitled to any relief in this action.  To the contrary, Costco maintains that Plaintiff is not entitled to any of the purported damages or other relief.  Rather, Costco's position is that the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a).

period of March 2015 through the filing of this Removal, Plaintiff would have earned approximately $25,600. (*Id*.) Thus, Plaintiff's total back pay calculation based on regular earnings is approximately $83,000 had she remained a Costco employee through September 30, 2015. (*Id*.)

10. Additionally, since Plaintiff was a long-term employee who worked with Costco over 20 years, under Costco's Extra Check Payments policy, Plaintiff would have been entitled to two extra checks per year paid out in April and October, with each check totaling $4,000. (*Id*. ¶ 6.) As such, had Plaintiff remained a full-time Costco employee, she would have earned an additional $16,000 in extra checks from October 2013 through September 30, 2015. (*Id*.)

11. Plaintiff's claimed lost earnings are continuing to grow at a rate of approximately $52,408 per year. (*Id*. at ¶ 7.)

12. Therefore, assuming a trial date in August 2016, Plaintiff's claim for lost wages and extra checks per Costco's Extra Check policy would total approximately $150,000, which is well above the jurisdictional requirement. (*See id*. ¶¶ 5-7.)

13. Notably, the calculation of alleged lost wages and future wages does not factor in the purported emotional distress or punitive damages, which would certainly place Plaintiff's damages well above $75,000. Although Defendant denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations satisfy the $75,000 jurisdictional amount in controversy threshold.

14. Because this action is between citizens of different states and the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**VENUE, ADMINISTRATIVE NOTICE & RESPONSIVE FILING**

15. This action is pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, and, therefore, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

16. Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and to the Clerk of Court for the Circuit Court of the 17th Judicial Circuit in and for Broward County, as required by 28 U.S.C. § 1446(d). A copy of the notice is attached as **Exhibit C**.

17. Defendant has not yet answered or otherwise responded to the Plaintiff's Complaint, and Defendant's responses are not yet due. Further, there has been no other record activity regarding this case in the state court prior to this Notice of Removal. In light of the filing of this Notice of Removal, Defendant's responsive pleading to the Plaintiff's Complaint is due seven (7) days after this Notice of Removal is filed. *See* Fed. R. Civ. P. 81(c)(2).

18. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

        Respectfully submitted,

        COSTCO WHOLESALE CORPORATION

        By:  *s/ Jay Thornton*
            Jay Thornton
            Florida Bar No. 323070
            Jay.Thornton@gray-robinson.com

GRAY ROBINSON
401 East Las Olas Boulevard
Suite 1000
Fort Lauderdale, Florida  33301
Telephone:  (954) 761-8111
Facsimile:  (954) 761-8112

*Local Counsel for Defendant*

John T. Murray (*pro hac motion to be submitted*)
Georgia Bar No. 531998
jmurray@seyfarth.com
Diana Sarju Kim (*pro hac motion to be submitted*)
Georgia Bar No. 431626
dkim@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Lead Counsel for Defendant*

Date:  September 30, 2015

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2015 a true and correct copy of the foregoing Notice of Removal was filed with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served on September 30, 2015 on all counsel or parties of record on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

By:  *s/ Jay Thornton*
Jay Thornton
Florida Bar No. 323070
*Counsel for Defendant*

## SERVICE LIST

Chad Levy, Esq.
Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Fort Lauderdale, Florida  33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*