# Exhibit A



**Service of Process Transmittal**
09/10/2015
CT Log Number 527794778

| | |
|---|---|
| **TO:** | John Sullivan, Corporate Counsel<br>Costco Wholesale Corporation<br>Legal Dept., 999 Lake Drive<br>Issaquah, WA 98027- |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Costco Wholesale Corporation  (Domestic State: WA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Christine D'onofrio, Pltf. vs. Costco Wholesale Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE15015786 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Disability |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/10/2015 at 15:00 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | CHAD E. LEVY<br>Law Offices of Levy & Levy, P.A.<br>915 Middle River Drive, Suite 518<br>Ft. Lauderdale, FL 33304<br>(954) 763-5722 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/10/2015, Expected Purge Date: 09/15/2015<br><br>Image SOP<br><br>Email Notification,  Nicola Merrett  nmerrett@costco.com<br><br>Email Notification,  John Sullivan  JSULLIVAN@COSTCO.COM |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 31584629 E-Filed 09/01/2015 04:12:26 PM

Case Number: CACE-15-015786 Division: 25

*GORMAN PROCESS SERVICE*

9/10/15
30
9/4262

**XX** IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

____ IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

| CIVIL DIVISION | SUMMONS | CASE NUMBER |
|---|---|---|

| PLAINTIFF(S): | vs. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Christine D'Onofrio, | Costco Wholesale Corporation, | |

**THE STATE OF FLORIDA**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition, in this action on Defendant(s): **Costco Wholesale Corporation**, by serving Registered Agent:

Registered Agent Name & Address

Costco Wholesale Corporation
Attn: CT Corporation System, Registered Agent
1200 S. Pine Island Road
Plantation, FL 33324

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney:

Whose Address is:

CHAD E. LEVY, ESQ.
LEVY & LEVY, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida 33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

| HOWARD FORMAN | | DATE |
|---|---|---|
| Clerk of Courts | By: _____ Court Seal | SEP 09 2015 |

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 9/1/2015 4:12:23 PM.****

Filing # 31584629 E-Filed 09/01/2015 04:12:26 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CHRISTINE D'ONOFRIO,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

CASE NO.

## COMPLAINT

COMES NOW, Plaintiff, CHRISTINE D'ONOFRIO (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, COSTCO WHOLESALE CORPORATION, a Florida corporation, and alleges as follows:

### INTRODUCTION

1. This is a proceeding for compensatory damages, potentially punitive damages, and costs and attorneys' fees to remedy racial discrimination and retaliation based upon statutorily protected activities affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under by the Florida Civil Rights Act of 1992, Florida Statutes §760, et seq. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to the FCRA.

3. Venue is proper as all claims asserted herein arose in Broward County.

4. At all times material hereto, the Plaintiff was/is a citizen of the United States, a resident of Broward County, Florida, sui juris, and an employee or former employee of the

Defendant.

5. At all times material hereto, the Plaintiff was and continues to be a member of a protected class within the meaning of the FCRA.

6. At all times material hereto, the Plaintiff was an employee within the meaning of the FCRA.

7. At all times material hereto, the Defendant, upon information and belief, was a Florida corporation doing business in Broward County, an employer or former employer of the Plaintiff, and was, and is, an employer within the meaning of the FCRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. The Plaintiff has fulfilled all conditions precedent to the institution of this action.

## STATEMENT OF FACTS

9. The Plaintiff, who is legally deaf, was hired July 24, 1989 by the Defendant, as a Stocker/Pharmacy Department. Throughout her employment, the Plaintiff consistently conducted herself in an exemplary manner, never had any performance problems, and was never warned, counseled, or disciplined at any time during her tenure with the Defendant.

10. When the Plaintiff began working for the Defendant, she started at the Davie location.

11. The Plaintiff began to have issues with the Manager, Bonnie Fine-Weigman at the Davie location. As a result, Plaintiff was transferred after twenty years to the Pompano location around 2003.

12. A few years past and the same Manager that the Plaintiff was having issues with at the Davie location transferred to the Pompano location, and the same issues arose again.

13. During meetings, the Plaintiff has asked for an interpreter or if things could be written down for her, yet her Manager refused to accommodate her.

14. However as an accommodation, the Defendant provided her with a video phone on or about January 30 or 31, which worked great for meetings, but served little purpose during regular work.

15. The Manager, Alan Holliday began to harass Plaintiff that she was yelling on the video phone, despite Plaintiff not being able to control the sound of her voice.

16. Thereafter, other managers, Alan Holliday and Alan Pack began to discipline the Plaintiff for this even though she was never yelling on the video phone.

17. From there, the Plaintiff had an issue with a coworker, Rhode Jospeh that she was training, and when she complained to her superiors about the attitude she was receiving from her, the coworker denied everything.

18. Two days later, Plaintiff was written up for being too loud.

19. A week after she was written up, Plaintiff went above her manager to complain about this treatment and sent a letter to the CEO.

20. In retaliation, Plaintiff was suspended on October 15, 2013 for one week.

21. On October 23, 2013, Plaintiff was called into the office and told she was terminated.

22. Clearly Plaintiff was retaliated against for complaining about discriminatory treatment concerning her condition.

23. Instead, the Plaintiff was told that the treatment she was receiving from her Manager, Mr. Pack was appropriate.

## COUNT I
## FCRA --- DISABILITY DISCRIMINATION

24. The Plaintiff incorporates by reference paragraphs 1- 23 herein.

25. The Defendant discriminated against the Plaintiff in the terms and conditions of her

employment, harassed the Plaintiff, and otherwise denied the Plaintiff job opportunities because of her disability.

26. The unlawful discriminatory actions by the Defendant and its agents and employees, as set forth herein, were and are intentional, willful, malicious and with gross disregard for the Plaintiff's rights, and violate the FCRA.

27. As a direct and proximate result of the Defendant's unlawful and discriminatory treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

28. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, CHRISTINE D'ONOFRIO, requests that judgment be entered against the Defendant, COSTCO WHOLESALE CORPORATION, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II
## FCRA --- RETALIATION

29. The Plaintiff incorporates by reference paragraphs 1- 25 herein.

30. The Defendant's discharge and harassment of Plaintiff was, in whole or in part, in retaliation for her complaints of discrimination.

31. The Defendant has discriminated against and harassed the Plaintiff in the terms and conditions of her employment, and has denied the Plaintiff continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

32. The Defendant's conduct constitutes unlawful retaliation under the Act, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

   a. Damage to reputation, confidence and self-esteem;
   b. Loss of past and future income;
   c. Loss of future earning capacity;
   d. Loss of other fringe benefits;
   e. Stress, anxiety and emotional distress;
   f. Significant past and future pain and suffering; and
   g. Other financial losses.

33. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, CHRISTINE D'ONOFRIO, requests that judgment be entered

against the Defendant, COSTCO WHOLESALE CORPORATION, for damages, including compensatory, consequential, punitive damages if subsequently permitted by this Court, and all equitable relief, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury of all issues triable as of right by a jury.

Dated: September 1, 2015.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida 33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701